Rubin CRUZ CARRILLO, Plaintiff,

v.

AMR EAGLE, INC., Executive Airlines, Inc. Defendants

No. CIV 99–2029.

United States District Court, D. Puerto Rico.

June 28, 2001.

Nora Vargas–Acosta, Victor M. Bermudez–Perez, Rio Piedras, PR, for Plaintiff.

Ruben Cruz–Carrillo, Rio Piedras, PR, Pro se.

Carmencita Velazquez–Marquez, McConnell Valdes, San Juan, PR, Angel Castillo, Jr., Miami, FL, for Defendants.

## ORDER

LAFFITTE, Chief Judge.

At the close of Plaintiff's case in chief, Defendants Executive Airlines and AMR Eagle moved for judgment as a matter of law pursuant to Federal Rule 50(a). They seek dismissal of the claims of Plaintiff Rubin Cruz Carrillo. After hearing argument of counsel and based upon a careful review of the record following four days of trial, the Court rules as follows.[1]

---

1. An unofficial copy of this order was handed out to the parties when the judge announced

 In ruling on a Rule 50 motion, the Court does not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence. *Colasanto v. Life Ins. Co. of North America*, 100 F.3d 203, 208 (1st Cir.1996). The motion is properly granted when the evidence and inferences reasonably drawn therefrom, viewed most favorably to the non-movant, permit only one reasonable conclusion.[2] *Resare v. Raytheon Co.*, 981 F.2d 32, 34 (1st Cir.1992). A plaintiff "may not rely on conjecture or speculation, rather the evidence offered must make the 'existence of the fact to be inferred more probable than its nonexistence.'" *Richmond Steel, Inc. v. Puerto Rican Am. Ins. Co.*, 954 F.2d 19, 22 (1st Cir.1992) (quoting *Carlson v. American Safety Equip. Corp.*, 528 F.2d 384, 386 (1st Cir.1976)).

Plaintiff Cruz Carrillo is claiming that he was terminated in violation of the Americans with Disabilities Act (ADA). 42 U.S.C. § 12101 *et seq.* (1995) Under the ADA, a person is disabled if he has "a physical or mental impairment that substantially limits one or more of [his] major life activities." 42 U.S.C. § 12102(2)(A)(1995). According to the Supreme Court, the determination of disability involves three steps. *See Bragdon v.*

*Abbott*, 524 U.S. 624, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998).

 The Court must first determine whether Cruz Carrillo has an impairment under the ADA. In light of the Supreme Court's decision in *Bragdon*, there is no question that Cruz Carrillo's HIV infection is an impairment under the meaning of the ADA as it "satisfies the statutory and regulatory definition of a physical impairment during every stage of the disease." *Id.* at 637, 118 S.Ct. 2196.[3]

 Next, the Court must identify the life activity upon which plaintiff relies, and determine whether it constitutes a major life activity. In *Bragdon*, finding that "[r]eproduction and the sexual dynamics surrounding it are central to the life process itself," *Id.* at 638, 118 S.Ct. 2196, the Supreme Court held that the ability to reproduce and to bear children constitutes a major life activity. In this case, as in *Bragdon*, the plaintiff testified that his HIV status dictated his decision not to have children. Thus, the Court finds that for Cruz Carrillo, reproduction is a major life activity as defined by the ADA.[4]

 Third, the Court must determine whether the impairment "substantially limits" the major life activity claimed by plaintiff.[5] In *Sutton v. United Airlines*,

---

its decision to grant Defendants' Rule 50 motion. A copy of such order was never filed. This official order incorporates minimal changes to the one handed out.

2. In ruling on defendants' Rule 50 motion the Court only considered the evidence presented by plaintiff. The Court has not considered the testimony of Captain Perkins in reaching its determination. Captain Perkins, defendants' witness, testified during plaintiff's case in chief due to his unavailability later in the week.

3. During the Rule 50 oral argument plaintiff's counsel argued that Cruz Carrillo was regarded as having an impairment. This is the first

time plaintiff makes such a claim and there is no evidence in the record to sustain it.

4. *But see Gutwaks v. American Airlines, Inc.*, No. 3:98–CV–2120–BF, 1999 WL 1611328, 16 NDLR P 258, (N.D.Tex. Sept. 2, 1999) (holding that reproduction was not a major life activity for the plaintiff because he acknowledged having no desire to father children).

5. An impairment is "substantially limiting" when the individual is:
 (i) unable to perform a major life activity that the average person in the general population can perform; or
 (ii) significantly restricted as to the condition, manner or duration under which an

*Inc.*, 527 U.S. 471, 482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), decided after *Bragdon*, the Supreme Court held that the determination of disability is an individualized inquiry, and courts should consider positive and negative effects of mitigating measures. *See also Gelabert–Ladenheim v. American Airlines*, 252 F.3d 54 (1st Cir.2001)(holding that whether a person is substantially limited in a major life activity is an individualized inquiry); *Katz v. City Metal Co.*, 87 F.3d 26, 32 (1996)(holding that determination of whether impairment substantially limits major life activity must be made on individual basis).

In *Bragdon*, the Supreme Court concluded that HIV (the impairment) substantially limited the plaintiff's asserted major life activity (reproduction), by evaluating the medical evidence indicating that an HIV infected woman imposes significant risks of infecting both her male partner during conception and her child during gestation and birth. 524 U.S. at 640–41, 118 S.Ct. 2196.[6] The Supreme Court explicitly declined to address the question of whether HIV was a disability *per se* under the ADA. *Id.* at 641–42, 118 S.Ct. 2196. Hence, Cruz Carrillo, like the plaintiff in *Bragdon*, bears the burden of proving a substantial limitation on the major life activity of reproduction.

Cruz Carrillo has not met this burden. He failed to introduce into evidence any medical evidence from which a reasonable jury could find that HIV substantially limits a man's ability to reproduce: there is no study, medical testimony, or statistical evidence in the record of a significant risk of infection of female partners by men with HIV; there is no evidence of whether an infected man's sperm may carry and transmit the virus to his child at conception; there is no evidence in the record of any treatment available to lower the risk of infection. Plaintiff contends that because his impairment removed his incentive to reproduce, it substantially limits his major life activity of reproduction. The Court is unpersuaded. Cruz Carrillo's testimony, without more, is not enough to shoulder his burden of showing a substantial limitation. He is not an expert in the medical field of immunology or reproduction, and as previously discussed, no objective evidence has been presented to support his position.[7] Thus, Cruz Carrillo has failed to show that his impairment substantially limits his asserted major life activity.

By failing to show substantial limitation, Cruz Carrillo has failed to prove that he is disabled within the meaning of the ADA or Law 44. 1 L.P.R.A. § 501, *et. seq.* (1999).[8]

individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.
29 C.F.R. § 1630.2(j)(1).

6. The Court notes that in *Bragdon* there was significant medical and scientific evidence on the record showing a substantial limitation on plaintiff's ability to reproduce.

7. It must be noted that plaintiff had ample time to obtain the services of an expert witnesses. (See Dkt. 9). Plaintiff, however, did not meet the deadline established by this court in the scheduling order, nor request an extension of time. Rather, plaintiff attempt-

ed to bypass this Court's order by designating an expert in the Proposed Pre–Trial Order filed on the eve of trial. (See Dkt.64) Parties should not be allowed to escape the consequences of failing to comply with the deadlines. Consequently, the Court granted defendants' motion in limine precluding the testimony by the medical expert as untimely. (Dkt.68, 81).

8. *Acevedo Lopez v. Police Department of the Commonwealth of Puerto Rico*, 247 F.3d 26, 28 (1st Cir.2001) ("the Commonwealth prohibits employment discrimination on the basis of disability in a similar fashion as the ADA"); *Berrios v. Bristol Myers Squibb*, 51 F.Supp.2d 61, 67 (D.P.R.1999)("the Puerto Rico legisla-

Since Cruz Carrillo is not disabled, he is not entitled to invoke the protections of the ADA or Law 44 and his claims must be dismissed as a matter of law. Fed. R.Civ.P. 50.

▮ Moreover, the Court finds that Cruz Carrillo's claims must fail for two other reasons. Plaintiff Cruz Carrillo brought two claims under the ADA: failure to reasonably accommodate and discriminatory discharge. The Court finds that Cruz Carrillo has not met his burden on the failure to accommodate claim. As a recent First Circuit opinion instructs,

> [t]he ADA imposes liability on an employer for "not making reasonable accommodations to the *known* physical or mental limitations" of an employee.... Because an employee's disability and concomitant need for accommodation are often not known to the employer until the employee requests an accommodation, the ADA's reasonable accommodation requirement usually does not apply unless "triggered by a request" from the employee. The employee's request must be "sufficiently direct and specific", giving notice that [he] needs "special accommodation." At the least the request must explain how the accommodation requested is linked to some disability. The employer has no duty to divine the need for a special accommodation where the employee merely makes a mundane request for a change at the workplace.

*Reed v. LePage Bakeries*, 244 F.3d 254, 260 (1st Cir.2001) (citations omitted).

ture ... sought to accommodate local law with the Americans with Disabilities Act''); *Alicea Battle v. Administracion de Servicios Medicos de Puerto Rico (ASEM)*, 2000 WL 1634763, 2000 TSPR 157 (2000) (adopting interpretive scheme of ADA for Law 44).

▮ The evidence presented in this case shows that Cruz Carrillo informed his employer Executive Airlines of his HIV infection by letter. In the letter, Cruz Carrillo expressed his willingness "to discuss this matter under strict confidentiality"; he stated nothing more with regard to accommodation. The Court finds that such statement does not constitute a request for accommodation. Further, he has stated under oath that all he desired was for his supervisor to "listen" to him. Thus, there is but one clear conclusion here: Cruz Carrillo never requested an accommodation and the employer cannot be liable for failing to provide that which was not requested. Counsel for plaintiff has argued that the employer had a duty to engage in an interactive process with the employee to establish a reasonable accommodation. This argument disregards the fact that there was no request for an accommodation.[9] Besides, in the stipulations submitted by the parties as well as on the record, plaintiff acknowledges being fully capable of performing the essential functions of his job as flight attendant. It is incongruous, thus, to claim discrimination for lack of accommodation when there is no need for one. Therefore, this Court finds that plaintiff failed to meet the threshold element of his failure to accommodate claim—a request for an accommodation. His failure to accommodate claim must fail.

▮ Lastly, the Court finds that plaintiff has also failed to shoulder his burden on the discriminatory discharge claim. In proving a case of discrimination under the

9. Under the ADA the interactive process is a mandatory obligation triggered by an employee giving notice of the employee's disability and desire for accommodation. Americans with Disabilities Act of 1990, § 102(b)(5)(A), 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.2(*o*)(3).

 

ADA, a plaintiff has two options. He can present either direct or circumstantial evidence of discrimination. In the absence of direct evidence of discrimination, a plaintiff must rely on circumstantial evidence. *Laurin v. Providence Hosp.*, 150 F.3d 52, 58 (1st Cir.1998). The Court finds that there is no evidence in the record, direct or circumstantial, from which a reasonable jury could find plaintiff's termination was motivated by discriminatory animus. Plaintiff claims discriminatory motive because he was let go from his position as a probationary employee the day after he notified his employer of the impairment. But there is ample evidence of a legitimate, non-discriminatory reason for plaintiff's dismissal from probationary employment: plaintiff's unsatisfactory attendance record and a passenger complaint filed against him. Cruz Carrillo has produced no evidence from which a reasonable jury could conclude that the stated reason is a pretext for discrimination. *See Laurin,* 150 F.3d at 58 (holding that upon the emergence of a legitimate, non discriminatory reason the employee bears the burden of proving both pretext and discrimination) Cruz Carrillo admitted that on the day of discharge his employer made no mention of his impairment.

In sum, the Court concludes that plaintiff has failed to shoulder his burden of proof on various grounds. First, he has not shown that he has a disability under the meaning of the ADA. Second, there is no evidence that he ever requested an accommodation, rendering his reasonable accommodation claim meritless. Third, his discriminatory discharge claim fails for failure to show that discriminatory animus played a role in his termination.

Based on all of the above, the Court grants Defendants' motion under Rule 50.

Judgment shall be entered accordingly, dismissing this case.

**IT IS SO ORDERED.**